BILL LOCKYER Attorney General ANTHONY M. SUMMERS Deputy Attorney General
THE CALIFORNIA BUILDING STANDARDS COMMISSION has requested an opinion on the following question:
May the California Building Standards Commission continue to maintain and update through the publication of annual supplements the 1998 edition of the California Building Code, which is based upon the 1997 edition of the Uniform Building Code, and publish it as part of the 2001 edition of the California Building Standards Code?
 CONCLUSION
The California Building Standards Commission may continue to maintain and update through the publication of annual supplements the 1998 edition of the California Building Code, which is based upon the 1997 edition of the Uniform Building Code, and publish it as part of the 2001 edition of the California Building Standards Code.
 ANALYSIS
The Legislature has enacted the California Building Standards Law (Health Saf. Code, §§ 18901-18949.31)[1]
to govern the adoption of building standards published in the California Building Standards Code (§ 18910; Cal. Code Regs., tit. 24; "Code"). One part of the Code is the California Building Code, the current 1998 edition of which is based upon the 1997 edition of the Uniform Building Code. We are asked whether the 2001 edition of that portion of the Code containing the California Building Code may also be based upon the 1997 edition of the Uniform Building Code. We conclude that it may.
A new edition of the Code is published every three years after numerous procedural requirements have been met. First, a state agency authorized to adopt building standards does so in compliance with the procedures and public hearing requirements (Gov. Code, §§ 11346-11347.3) of the Administrative Procedure Act (Gov. Code, §§ 11340-11529; "APA"). Next, the agency submits the adopted standards to the California Building Standards Commission ("Commission") for its review. (§§ 18905.5, 18930.)[2] The Commission may approve the standards, return them to the adopting agency for amendment, or reject them. (§ 18931.) The Commission publishes annual supplements to the Code, incorporating the building standards it has approved, and a new edition of the entire Code is published every three years. (§ 18942, subd. (a).) The current edition of the Code was published in 1998; the next triennial edition will be published in 2001.
Various private organizations publish "uniform model codes," which may be general building codes, like the 1997 edition of the Uniform Building Code, or may relate to specific aspects of construction, such as plumbing, electrical, or fire safety. (§ 18916.) The Legislature has directed that any agency adopting a model code as a building standard must do so with reference to the most recent edition of the model code (§ 18928, subd. (a)) and must do so within one year after the date of the model code's publication (§18928, subd. (b)). If the adopting agencies fail to do so, the Commission must form a committee to recommend the adoption, amendment, or repeal of the most recent editions of the uniform model codes. (§ 18928, subd. (c).)
While the Legislature has required consideration of the private uniform model codes, it has not mandated their adoption by the state agencies. In International Assn. of Plumbing etc. Officials v. California Building Stds. Com. (1997) 55 Cal.App.4th 245, 253-254, the court explained:
 ". . . In the State Building Standards Law the Legislature clearly recognized the utility and endorsed the practice of using model codes as the basis for regulation, but did so without expressly requiring the adoption of particular model codes. The Legislature also clearly viewed the matter of building standards as a dynamic process and took care to eliminate the risk of regulatory stasis by providing for such things as annual regulatory revision of building standards, publication of annual supplements to the California Building Standards Code, triennial republication of the entire California Building Standards Code, and, where model codes are used, consideration for adoption of any revision of the model code within one year of publication of the revision.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "In providing for state building standards the Legislature could have adopted a particular model code, either directly or by depriving the Commission of any discretion by specifically compelling it to adopt the model code. However, such an act could adopt only an existing version of the model code and could not take into account future revisions without improperly delegating lawmaking authority to the private entity that produced the code. Such a scheme would defeat the Legislature's purposes by nullifying the delegation of authority to an administrative body with expertise on the subject matter and by building in a measure of regulatory stasis since it would take an act of the Legislature to revise or repeal the existing code. Instead, the Legislature chose to grant discretion to the Commission and to permit and encourage, but without requiring, the Commission to use model codes with continuous reconsideration and revision of building standards that have the force of law in light of nonbinding revisions of those model codes."
The key statute requiring our analysis is section18928, which provides for the adoption of uniform model codes. Section 18928 states:
 "(a) Each state agency adopting or proposing adoption of a model code, national standard, or specification shall reference the most recent edition of applicable model codes, national standards, or specifications.
 "(b) Each state agency adopting or proposing adoption of a model code, national standard or specification shall adopt or propose adoption of the most recent editions of the model codes, as amended or proposed to be amended by the adopting agency, within one year after the date of publication of the model codes, national standards, or specifications. . . .
 "(c) If the adopting agencies fail to comply with subdivision (b), the commission shall convene a committee to recommend to the commission the adoption, amendment, or repeal, on the agencies' behalf, of the most recent editions of the model codes, national standards, or specifications and necessary state standards."
In construing the terms of section 18928, we may rely upon well recognized principles of statutory interpretation. "When construing a statute, we must `ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.]" (Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977.) In determining the Legislature's intent, the first step "is to scrutinize the actual words of the statute, giving them a plain and common-sense meaning. [Citations.]" (People v. Valladoli (1996) 13 Cal.4th 590, 597.) Every word, phrase, and sentence in a statute should, if possible, be given significance. (Penasquistos, Inc. v. Superior Court (1991) 53 Cal.3d 1180, 1186.) "`Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (Woods v. Young (1991) 53 Cal.3d 315, 323.)
Applying these principles of construction to the language of section18928, we find that if a state agency adopts or proposes the adoption of a model code, the most recent edition of such code is to be referenced. (§ 18928, subd. (a).) Moreover, when doing so, the agency must act within one year of publication of the most recent edition (§ 18928, subd. (b)); otherwise, the Commission must convene a committee to act on behalf of the agency (§ 18928, subd. (c)).
The question presented for analysis, however, does not involve a state agency adopting or proposing the adoption of a model code. Rather, the 1997 edition of the Uniform Building Code has already been adopted, approved, and published as part of the 1998 edition of the California Building Code.[3] What is to occur in 2001 is the publication of the next triennial edition of the Code. "The commission shall publish, or cause to be published, editions of the code in its entirety once every three years." (§ 18942, subd. (a).) "Publication" simply "means to print and make available to the public the California Building Standards Code. . . ." (§ 18917.3.) The 2001 edition of the Code will contain those building standards that have been approved by the Commission. (§ 18938.) Accordingly, the 2001 edition may include the standards contained in the 1998 edition of the Code, such as those based upon the 1997 edition of the Uniform Building Code as later amended.
Of course, a state agency may adopt or propose the adoption of another model code as authorized under the terms of section18928. In such case, the directives of the statute would be applicable. As noted by the Court of Appeal in International Assn. of Plumbing etc. Officials v. California Building Stds. Com., supra, 55 Cal.App.4th 245:
 ". . . In the State Building Standards Law the Legislature clearly recognized the utility and endorsed the practice of using model codes as the basis for regulation, but did so without expressly requiring the adoption of particular model codes." (Id., at p. 253.)
The Commission may approve, return for amendment, or reject the adoption of any particular model code based upon the criteria specified in section18930. (§ 18931, subd. (a).)
We conclude that the Commission may continue to maintain and update through the publication of annual supplements the 1998 edition of the California Building Code, which is based upon the 1997 edition of the Uniform Building Code, and publish it as part of the 2001 edition of the Code.
[1] Further references to the Health and Safety Code will be by section number only.
[2] In some instances, the Commission itself is given the authority to adopt the standards, and in such cases, the Commission must follow the APA procedures. (§§ 18934.5-18934.7,18949.1-18949.6.)
[3] We are informed that the 1997 edition of the Uniform Building Code is the most recent edition of such code.