TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 14-403 |
| of | : | December 6, 2018 |
| XAVIER BECERRA<br>Attorney General | : | |
| MARC J. NOLAN<br>Deputy Attorney General | : | |

_____

THE HONORABLE KATHARINE L. ELLIOTT, MENDOCINO COUNTY COUNSEL, has requested an opinion on the following questions:

1.     Where a city owns real property in an unincorporated area of a county and uses that property for city purposes, is the city's extraterritorial property exempt from the county's building and zoning ordinances?

2.     Is such an exemption conditional on the city applying its own building and zoning ordinances to its extraterritorial property?

3.     If a city leases extraterritorial property to a private party, may any exemption be extended to the lessee?

1

CONCLUSIONS

1.      Where a city owns real property in an unincorporated area of a county and the city itself uses that property for any activity the city is empowered to undertake, the city's extraterritorial property is not required to comply with the county's building and zoning ordinances.

2.      The city's freedom from county building and zoning ordinances is not conditional on the city applying its own building and zoning ordinances to its extraterritorial property, but the city must ensure that any buildings on the property comply with state law, including the California Building Standards Code.

3.      If a city leases extraterritorial property to a private party, the freedom from the county's building and zoning ordinances available to the city may be extended to the lessee if the lessee's use of the property serves a primarily public, rather than private, purpose.

ANALYSIS

California cities "may own and control real estate situated inside or outside the city limits as is necessary or proper for municipal purposes."[1]

We are informed that, in 1993, an incorporated city acquired some real property, outside the city limits, in an unincorporated area of its surrounding county. When it acquired the property, the city assumed an existing lease that covered a portion of the property, thereby becoming a lessor to the private business that was operating, and continues to operate, there. It is within this context that we have been asked to determine whether and under what circumstances a city and its private lessee may be exempt from the county's building and zoning ordinances.

**Question 1**

We first consider as a general matter whether a city's extraterritorial property that the city itself uses for any city purpose is required to comply with county building and zoning ordinances. We conclude that it is not required to comply with those ordinances.

In *Hall v. City of Taft*,[2] the California Supreme Court held that a city cannot require a public school district, as an "agency of the state," to comply with city building

---

[1] Gov. Code, § 37351.

[2] *Hall v. City of Taft* (1956) 47 Cal.2d 177, 181-183.

2

regulations. The court reasoned that "[s]chool districts are agencies of the state for the local operation of the state school system," and in carrying out its authorized activities, a state entity "is not subject to local regulations unless the Constitution says it is or the Legislature has consented to such regulation."[3] Thereafter, relying on *Hall*, the Court of Appeal in *Town of Atherton v. Superior Court* held that public school districts are also exempt from local zoning ordinances that would affect the location of school sites.[4] After *Hall*, the Legislature undertook a study to examine the effect of the decision on the ability of cities and counties to effectively zone and regulate building within their respective limits.[5] That study led to the enactment of Government Code section 53090 et seq., which forms an article of the Government Code entitled "Regulation of Local Agencies by Counties and Cities."[6]

One provision of this statutory scheme—Government Code section 53091, subdivision (a)—generally requires each "local agency" to "comply with all applicable building ordinances and zoning ordinances of the county or city in which the territory of the local agency is situated."[7] Another provision—Government Code section 53090— defines "local agency" somewhat narrowly as "an agency of the state for the local performance of governmental or proprietary function within limited boundaries [but which] *does not include the state, a city, [or] a county . . . .*"[8] In other words, by excluding cities and counties from section 53090's definition of "local agency," the Legislature did not change the balance of regulatory authority between cities and counties.[9]

---

[3] *Hall*, *supra*, 47 Cal.2d at p. 181. As an alternative and "additional ground" for the decision, the Court also concluded that the Legislature had occupied the field of school building construction. (*Id.* at p. 184.)

[4] *Town of Atherton v. Superior Court* (1958) 159 Cal.App.2d 417, 427-428.

[5] Assem. Interim Com. on Municipal and County Government, Problems of Local Government Resulting from the *Hall vs. City of Taft* Case Decision, 6 Assem. Interim Rep. No. 8 (1957-1959) p. 7, 1 Assem. J. Appen. (1959 Reg. Sess.).

[6] Gov. Code §§ 53090-53097.5.

[7] Gov. Code, § 53091, subd. (a).

[8] Gov. Code, § 53090, italics added.

[9] See generally *Zack v. Marin Emergency Radio Authority* (2004) 118 Cal.App.4th 617, 628 (county exempt from city ordinance); *Lawler v. City of Redding* (1992) 7 Cal.App.4th 778, 784 (city sports complex, located in county territory, exempt from county zoning regulations); *Akins v. County of Sonoma* (1967) 67 Cal.2d 185, 194 (county fairgrounds, located within city, exempt from city building code).

3

We therefore conclude that where a city owns real property in an unincorporated area of a county and itself uses that property for city purposes, the city's extraterritorial property is not subject to the county's building and zoning ordinances.

**Question 2**

The second question asks whether a city's freedom from county zoning regulations is conditional on the city applying its own building and zoning ordinances to its extraterritorial property. We note that neither underlying constitutional principles nor the statute itself imposes such a condition. Generally, we are to avoid a construction that adds rules not stated, and we see no reason to depart from that principle here.[10]

In the absence of controlling county requirements, a city is free to apply its own rules (provided they don't conflict with mandatory state requirements). In general, a city has power conferred by the California Constitution "to make and enforce within its limits all local police, sanitary, and other ordinances and regulations not in conflict with general laws."[11] As for city-owned extraterritorial property, a city has statutory power to regulate uses of the property, and may exercise its power through ordinances, contractual agreements with private parties, or a combination of the two.[12]

That is not to say that a city project is not subject to building standards at all. The State Building Standards Law[13] applies to buildings throughout the state (although local jurisdictions may adopt more restrictive standards where warranted).[14] Therefore a city's extraterritorial properties would be subject to the California Building Standards Code.[15]

---

[10] See *People v. Leal* (2004) 33 Cal.4th 999, 1008; Code Civ. Proc., § 1858;

[11] Cal. Const., art. XI, § 7, emphasis added; *IT Corp. v. Solano County Bd. of Supervisors* (1991) 1 Cal.4th 81, 89 ("The Legislature has specified certain minimum standards for local zoning regulations [citation] but has carefully expressed its intent to retain the maximum degree of local control [citation].");*Miller v. Board of Public Works* (1925) 195 Cal. 477, 483-486 (zoning is an exercise of the police power).

[12] See Gov. Code, § 37351; see also *Great Western Shows, Inc. v. County of Los Angeles* (2002) 27 Cal.4th 853, 868-872 (statutory power to regulate extraterritorial property distinguished from police power to regulate conduct of citizens generally).

[13] Health & Saf. Code, § 18901 et seq.

[14] Health & Saf. Code, §§ 18938, 18941.5, 18944.5; see *International Assn. of Plumbing etc. Officials v. California Building Stds. Com.* (1997) 55 Cal.App.4th, 245, 248.

[15] The statewide building standards are known as the California Building Standards

4

14-403

Accordingly, we conclude that an exemption under section 53090 is not conditional on the city applying its own building and zoning ordinances to its extraterritorial property, but buildings on that property are subject to the California Building Standards Code.

**Question 3**

The third question is whether a private party leasing extraterritorial property from a city is also exempt from county building and zoning ordinances, that is, whether the city's section 53090 exemption may be extended to its private lessee. We believe the answer depends on whether the lessee's use of the property primarily serves the city's purposes—that is, whether the lessee should be viewed as if it were an agent or an arm of the city for the purpose.

In a 1985 opinion, we addressed the question whether a state agency's section 53090 exemption from local building and zoning regulations may be extended to its private lessee, who proposed to develop the state-owned property. We concluded that the lessee is exempt if the lease serves the state agency's public purposes—but that the lessee is not exempt if the purpose of the lease is to serve the lessee's private interests.[16]

In reaching our conclusion, we relied on the reasoning articulated in a number of cases from other states, summarized as follows: "When state owned property is leased to private individuals or associations in order for the lessee to use it for public purposes, the user is clothed with immunity[17] to the same extent that the state would have if it were the operator. When, however, state owned property is leased to another for the latter's private purposes, it is not immune from local zoning regulations. . . . The important question is whether the use is a public use, one which is for the public benefit, which is being conducted by the state or on its behalf. . . ."[18]

We therefore conclude that a city's private lessee is exempt under section 53090, provided that the lessee's use of the property primarily serves the city's public purposes,

---

Code, and are contained in title 24 of the California Code of Regulations. (Health & Saf. Code, § 18902.)

[16] 68 Ops.Cal.Atty.Gen. 114, 115, 121-122 (1985).

[17] In this context, "immunity" and "exemption" are used interchangeably to mean that a public entity or its lessee is not subject to local regulation.

[18] 68 Ops.Cal.Atty.Gen., *supra*, at pp. 119-120, internal quotation marks and citation omitted.

14-403

but that it is not exempt where the lessee's use of the property primarily serves the lessee's private interests.

*****

14-403